THE PEOPLE *vs.* WILLIAM O'HARE, JOSEPH FORNEY AND LEWIS WATERBURY.

After the trial has actually commenced, the Court has no power to order that the names of additional witnesses, known before the trial, may be endorsed upon the information.

*Bay Circuit, May,* 1871.

*C. H. Denison,* Prosecuting Attorney, for People.

*A. McDonell, A. C. Maxwell* and *Isaac Marston,* for Defendants.

*By the Court,* GRIER, J.—After the trial of defendants on a charge of grand larceny had commenced and after several witnesses on behalf of the prosecution, whose names had been properly endorsed on the information, had been sworn, the Prosecuting Attorney asked leave to endorse upon the information the names of additional witnesses. It appeared that the witnesses were known to the Prosecuting Attorney before the trial, but through inadvertence were omitted. The application is opposed by the attorneys for defendants.

The statute upon the subject provides as follows: " All informations shall be filed during term, in the court having jurisdiction of the offence specified therein by the Prosecuting Attorney of the proper county as informant ; he shall subscribe his name thereto, and *endorse thereon the names of the witnesses known to him* at the time of filing the same ; and at such time before the trial of any case as the Court may, by rule or otherwise, prescribe, he shall also endorse thereon the names of such other witnesses as shall then be known to him."

By this statute it is clearly intended that the names of witnesses known to the Prosecuting Attorney before the filing of the information, must be endorsed thereon before such filing; and that at any time *before the trial,* he shall endorse the names of such witnesses as shall have become known to him after the filing of the information. But the statute is silent as to what shall be done in case any witnesses shall be discovered after the commencement of the trial.—

But the case at bar is clearly within the provisions of the statute. It was meant for the protection of the accused, and was therefore mandatory. To hold that it is within the discretion of the Court to allow the names of witnesses known before the trial, to be endorsed after the commencement of the trial, would be to declare that the statute is merely directory. Such a doctrine would be dangerous, and would tend to overthrow the safeguards thrown around the accused by the policy of our laws. In this case the names of the witnesses were known to the Prosecuting Attorney before the trial, and it was the intent of the statute to compel him to make that knowledge known to defendant, in the manner designated, before the trial, and thus prepare him for trial. Of course the statute does not apply to the case of rebutting witnesses.

The application must be denied, the Court having no discretionary power in the case.